**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **INNERCAP TECHNOLOGIES, INC.,** | Civil Action No.: |
| *Plaintiff,* | |
| v. | **TRIAL BY JURY DEMANDED** |
| **NOURI LIFE, INC.,** | |
| *Defendant.* | |

## COMPLAINT

Plaintiff InnerCap Technologies, Inc. ("InnerCap") files this Complaint against Defendant Nouri Life, Inc. ("Nouri").

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including U.S.C. § 271 for the infringement of United States Patent No. 7,670,612 ("**the '612 Patent**").

2. Nouri has infringed and continued to infringe the '612 Patent, up to and through the date that the '612 Patent expired, in violation of 35 U.S.C. § 271 by making, having made, offering to sell and selling, on at least the dailynouri.com and amazon.com websites and marketplaces, various lines of capsule-in-capsule probiotic products in which the outer capsule contains an oil ingredient in immediate release form and the inner capsule is formulated for time-delayed dissolution and release of a solid active ingredient. (the "**Accused Products**").

3. On information and belief, the Accused Products include at least the following capsule-in-capsule products: Hormone Balance Probiotic, Digestive Support Probiotic, Stress

1

Support Probiotic, Menopause Probiotic, Weight Support Probiotic, Men's Complete Probiotic, and Vaginal Balance Probiotic.[1]

4.      InnerCap seeks damages adequate to compensate it for Nouri's infringement of the '612 Patent, together with prejudgment and post-judgment interest, costs, and all other relief available under law.

## PARTIES

5.      InnerCap is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 9216 Palm River Road, Ste 203, Tampa, FL 33619. Founded in 2003 by Fred H. Miller, InnerCap embarked to solve core formulation and delivery problems associated with supplements and medications. Mr. Miller's vision and innovation culminated in four issued United States patents, including the '612 Patent, along with several foreign counterparts.

6.      On information and belief, Nouri is a Delaware corporation with its principal place of business at 940 Calle Negocio, Suite 160, San Clemente, California, 92673.

## JURISDICTION & VENUE

7.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Nouri because Nouri is a Delaware corporation and therefore has a continuous presence in, and systematic contacts with, this District.

---

[1] *See, e.g.,* https://dailynouri.com/collections/all and https://www.amazon.com/stores/DailyNouri/page (as accessed July 20, 2026).

2

10.     On information and belief, Nouri committed acts of infringement in this Judicial District, and the claims addressed in this Complaint arise out of and relate to such acts, including at least by selling and offering for sale the Accused Products in this District.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Nouri is incorporated, and thus resides, in this District.

### INNERCAP'S U.S. PATENT NO. 7,670,612

12.     On March 2, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,670,612, entitled "Multi-phase, multi-compartment capsular delivery apparatus and methods for using same." A true and correct copy of the '612 Patent is attached as Exhibit A to this Complaint.

13.     The '612 Patent is directed, *inter alia*, to addressing a core formulation and delivery problem affecting dietary supplements and medications. Prior to the '612 Patent's technology, many active ingredients (*e.g.*, vitamins, dietary or nutritional supplements, nutraceuticals, minerals, omega oils, extracts, pre-biotics, probiotics, post-biotics, or drugs) could not be effectively combined in a single conventional capsule because they differed in physical state (solid vs. liquid), were chemically incompatible, or required different release profiles. The '612 Patent solved this issue by disclosing a capsule-in-capsule system with multiple internal compartments, each capable of holding different ingredients in different physical states (*e.g.*, liquid and solid) within a single dosage form. By physically separating and optionally staging release of these ingredients, the '612 Patent's technology enables stable, compatible, and targeted delivery of combination products that could not otherwise be co-formulated.

14.     The '612 Patent was the subject of an October 15, 2025, request for supplemental examination before the U.S. Patent and Trademark Office ("**USPTO**"). The request sought the

USPTO's determination as to whether eleven identified prior art references presented a substantial new question of patentability affecting claims 5, 6, 9, 10, 25, 33, 65 and 73 of the '612 Patent, which claims are directed to capsule-in-capsule embodiments of InnerCap's technology. In an October 31, 2025, decision, the USPTO concluded that none of the eleven prior art references raised a substantial new question of patentability affecting such claims.

15.     InnerCap is the owner, by assignment, of all right, title, and interest in and to the '612 Patent, including the right to sue for and recover damages for infringement.

16.     The '612 Patent expired on June 11, 2026.

17.     The '612 Patent is valid and enforceable under the patent laws of the United States against infringement occurring prior to its expiration and under 35 U.S.C. § 286 for infringement committed up to six years before the filing of this Complaint.

18.     Prior to the '612 Patent's expiration on June 11, 2026, InnerCap at all times met its marking obligations under 35 U.S.C. § 287, including without limitation by requiring each of its licensees to mark all capsule-in-capsule products with InnerCap's patents, including identification of the '612 patent, and by identifying the '612 Patent among the patents directed to its "unique delivery system technology" on the "PATENTS" page of its website: https://www.innercap.com/patents.html.

4

## COUNT I:
## INFRINGEMENT OF THE '612 PATENT

19.    InnerCap incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

20.    Nouri has made, had made, sold, offered for sale, and/or used the Accused Products that incorporate one or more of the inventions claimed in the '612 Patent.

21.    Nouri infringed, either literally or under the doctrine of equivalents, one or more claims of the '612 Patent, including at least claim 33, in violation of 35 U.S.C. § 271, *et seq*. by at least making, having made, selling and/or offering for sale the Accused Products in the United States.

22.    Claim 33 of the '612 Patent is representative, and provides:

[33.preamble] A multi-compartment capsule, comprising:

[33.a] a first receiving chamber comprising at least one oil in immediate release form; and

[33.b] a second receiving chamber

[33.b.1] containing only solid ingredients and

[33.b.2] comprising at least one active ingredient in a solid state and

[33.b.3] formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient,

[33.c] wherein the ingredients contained in said first receiving chamber are different from the ingredients of said second receiving chamber,

[33.d] and wherein said second receiving chamber is enveloped by said first receiving chamber,

[33.e] and wherein the multi-compartment capsule is a hard shell capsule.

23.    On information and belief, and based on publicly available information, all Accused Products have the same or similar technology regarding the below-identified features.

24.     On further information and belief, and based on publicly available information, the Nouri Digestive Support Probiotic product is representative of the Accused Products.

25.     On further information and belief, and based on publicly available information, each of the Accused Products functions and is structured in a manner similar, if not identical, to the Nouri Digestive Support Probiotic as it relates to infringing the '612 Patent.

26.     On further information and belief, and based on publicly available information, each of the Accused Products possesses features and/or attributes similar, if not identical, to those features and/or attributes of the Nouri Digestive Support Probiotic identified by InnerCap as infringing the '612 Patent.

27.     Accordingly, the analysis of the Nouri Digestive Support Probiotic set forth below applies equally to each of the Accused Products.

28.     The preamble of claim 33 recites: "A multi-compartment capsule[.]"

29.     To the extent the preamble of claim 33 of the '612 Patent is determined to be limiting, the Nouri Digestive Support Probiotic satisfies the preamble, as seen in the figure below.



Fig. 1. Figure from product literature for Nouri Digestive Support Probiotic product.[2]

---

[2] See, https://dailynouri.com/collections/all/products/daily-nouri-digestive-support-probiotic (as accessed July 20, 2026).

30. Limitation [33.a] recites: "a first receiving chamber comprising at least one oil in immediate release form[.]"

31. On information and belief, each of the Accused Products satisfies limitation [33.a]. As described below, the Accused Products have a first receiving chamber comprising at least one oil ingredient in immediate release form.

32. On information and belief, the first/outer receiving chamber of the Accused Products has an active oil ingredient in immediate release form. For example, on information and belief, the Nouri Digestive Support Probiotic has a first/outer receiving chamber that contains omega-3, 6, 9 blend described as a "plant-based omega oil" that is suitable for immediate release.

 

Figs. 2 & 3. Figure 2 from product literature for Nouri Digestive Support Probiotic product.[3] Figure 3 from side of product packaging.[4]

33. Thus, the Accused Products satisfy limitation [33.a] of the '612 Patent.

34. Limitation [33.b] recites: "a second receiving chamber[.]"

---

[3] See, https://dailynouri.com/collections/all/products/daily-nouri-digestive-support-probiotic (as accessed July 20, 2026).
[4] Photograph of side of product packaging taken July 20, 2026.

35.     On information and belief, each of the Accused Products satisfies limitation [33.b]. For example, the multi-compartment capsule of the Nouri Digestive Support Probiotic has a "first receiving chamber" (yellow arrow) and a "second receiving chamber" (green arrow).



Fig. 4. Image from Nouri Digestive Support Probiotic product literature showing a first receiving chamber and a second receiving chamber.[5]

36.     Thus, the Accused Products satisfy limitation [33.b] of the '612 Patent.

37.     Limitation [33.b.1] recites a second receiving chamber "containing only solid ingredients[.]"

38.     On information and belief, each of the Accused Products satisfies limitation [33.b.1]. For example, the second receiving chamber of the Nouri Digestive Support Probiotic contains only solid ingredients.

39.     On information and belief, the ingredients of the second receiving chamber of the Accused Products are provided in a dry powder internal fill state. Such belief is confirmed by

---

[5] See, https://dailynouri.com/collections/all/products/daily-nouri-digestive-support-probiotic (as accessed July 20, 2026).

inspection and deconstruction of the capsule-in-capsule Digestive Support Probiotic as shown in

the photographs below.

  

Figs 4, 5, & 6. Figure 4 showing Nouri Digestive Support Probiotic capsule-in-capsule dietary supplement. Figure 5 showing the second receiving chamber removed from the first receiving chamber. Figure 6 showing dry powder ingredients removed from the second receiving chamber.[6]

40.     Thus, the Accused Products satisfy limitation [33.b.1] of the '612 Patent.

41.     Limitation [33.b.2] recites a second receiving chamber "comprising at least one

active ingredient in a solid state[.]"

42.     On information and belief, each of the Accused Products satisfies limitation

[33.b.2]. For example, the second receiving chamber of the Nouri Digestive Support Probiotic

includes at least the following active ingredients in solid form: Lactobacillus plantarum KABP –

022, Lactobacillus plantarum KABP – 0023, and Pediococcus acidilactici KABP - 021.

---

[6] Photographs of Nouri Digestive Support Probiotic capsule taken June 26, 2026.



Fig. 7. Supplemental Facts showing active ingredients as shown on Nouri's website.[7]

43.     On information and belief, each of these probiotics is an active ingredient.

44.     As demonstrated above, each ingredient in the inner receiving chamber is in a solid powder state. On information and belief, and following inspection, the other Accused Products include similar probiotic active ingredients in a solid powder state.

45.     Thus, the Accused Products satisfy limitation [33.b.2] of the '612 Patent.

46.     Limitation [33.b.3] recites a second receiving chamber "formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient[.]"

47.     On information and belief, each of the Accused Products satisfies limitation [33.b.3]. For example, the second chamber of the Nouri Digestive Support Probiotic is formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient. The second chamber is formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient because it is incorporated as an inner capsule within Nouri's nested capsule structure.

---

[7] See, https://dailynouri.com/collections/all/products/daily-nouri-digestive-support-probiotic (as accessed July 20, 2026).



Figure 7. Image from product literature on Nouri's website.[8]

48.    The second chamber of the Accused Products is not presented as a standalone immediate-release dosage form. It is formulated to function inside the oil-containing outer first receiving chamber, which envelops the second chamber and physically separates it from immediate exposure upon ingestion. As a result, the inner capsule's dissolution and release of its solid active ingredient occurs only after the outer capsule and surrounding oil-containing first receiving chamber begin to dissolve and release.

49.    Thus, on information and belief, both the formulation of the second chamber itself and its placement within the multi-compartment capsule allow for time-delayed dissolution and release of the solid active ingredient contained in the second chamber.

50.    Thus, the Accused Products satisfy limitation [33.b.3] of the '612 Patent.

---

[8] See, https://dailynouri.com/collections/all/products/daily-nouri-digestive-support-probiotic (as accessed July 20, 2026).

51.    Limitation [33.c] recites that the "ingredients contained in said first receiving chamber are different from the ingredients of said second receiving chamber[.]"

52.    On information and belief, each of the Accused Products satisfies limitation [33.c]. As described below, the Accused Products each have ingredients contained in said first receiving chamber that are different from the ingredients of said second receiving chamber.

53.    On information and belief, the Accused Products comprise a capsule-within-a-capsule design that separates oil ingredients from solid probiotic ingredients. For example, the outer receiving chamber of the Nouri Digestive Support Probiotic product contains an omega-3, 6, 9 blend that is described as "plant based omega oil" (shown in green box below). The inner receiving chamber, in contrast, contains the dry probiotic ingredients, including Lactobacillus plantarum KABP – 022, Lactobacillus plantarum KABP – 0023, and Pediococcus acidilactici KABP – 021 (shown in red box below), which are different from the ingredients in the outer receiving chamber.



Fig. 8. Supplemental Facts sheet from website for Nouri Digestive Support Probiotic (colored boxes added).[9]

---

[9] See, https://dailynouri.com/collections/all/products/daily-nouri-digestive-support-probiotic (as accessed July 20, 2026).

54.    Thus, the Accused Products satisfy limitation [33.c] of the '612 Patent.

55.    Limitation [33.d] recites a "second receiving chamber [that] is enveloped by said first receiving chamber[.]"

56.    On information and belief, each of the Accused Products satisfies limitation [33.d]. As described below, the Accused Products each have a second receiving chamber that is enveloped by said first receiving chamber.

57.    On information and belief, the Accused Products have a secondary receiving chamber which is enveloped by the first receiving chamber. For example, the multi-compartment capsule of the Nouri Digestive Support Probiotic is composed as having an inner, "second receiving chamber" (green arrow), which is received in and enveloped by the primary capsule of the outer "first receiving chamber" (yellow arrow).

 

Figs. 9 & 10. Figure 9 showing Nouri Digestive Support Probiotic with second receiving chamber enveloped by first receiving chamber. Figure 10 showing second receiving chamber after extraction from first receiving chamber.[10]

58.    Thus, the Accused Products satisfy limitation [33.d] of the '612 Patent.

59.    Limitation [33.e] recites that the "multi-compartment capsule is a hard-shell capsule[.]"

---

[10] Photographs of Nouri Digestive Support Probiotic capsule taken June 26, 2026.

60.     On information and belief, each of the Accused Products satisfies limitation [33.e]. As described below, the multi-compartment capsule in each of the Accused Products is a hard-shell capsule.

61.     On information and belief, the Accused Products have a multi-compartment capsule that is a hard-shell capsule made of vegetable cellulose.



Fig. 11. Supplemental Facts sheet from website for Nouri Digestive Support Probiotic (colored box added).[11]

62.     On information and belief, capsules made of vegetable cellulose are "hard shell capsules."

63.     Thus, the Accused Products satisfy limitation [33.e] of the '612 Patent.

64.     On further information and belief, Nouri offers for sale and sells Accused Products that meet every limitation of at least claims 5, 6, 9, 10, 24, and 65 of the '612 Patent.

65.     As a result of Nouri's infringement of the '612 Patent, InnerCap has suffered and continues to suffer substantial injury and is entitled to recover all damages caused by Nouri's

---

[11] See, https://dailynouri.com/collections/all/products/daily-nouri-digestive-support-probiotic (as accessed July 20, 2026).

infringement to the fullest extent permitted by the Patent Act, together with prejudgment interest and costs for Nouri's wrongful conduct.

66.    On information and belief, Nouri's infringement of the '612 Patent was willful and continued to be willful until the expiration of the patent.

67.    On February 23, 2023, InnerCap put Nouri on notice of InnerCap's issued U.S. patents and certain Nouri products that InnerCap believed to infringe InnerCap's patents.

68.    On December 14, 2025, InnerCap's counsel sent Nouri a letter specifically referring to the February 23, 2023, notice letter and reiterating that the Accused Products infringe the '612 Patent.

69.    On information and belief, Nouri has ignored InnerCap's communications.

70.    On information and belief, Nouri never ceased making, selling, or offering for sale the Accused Products up to and through the date that the '612 patent expired.

71.    Because of its knowledge of the '612 Patent, Nouri knew, or should have known, that the manufacture and sale of the Accused Products amounted to infringement of the '612 Patent.

72.    Thus, despite knowing that its actions infringe one or more claims of the '612 Patent, Nouri continued to infringe the '612 Patent up to and through the date that the '612 patent expired.

73.    Accordingly, as of no later than February 23, 2023, Nouri's infringement of the '612 Patent was willful.

**PRAYER FOR RELIEF**

WHEREFORE, InnerCap respectfully requests judgment against Nouri as follows:

A.      that this Court adjudge that Nouri is liable for infringing the '612 Patent;

B.      that this Court award InnerCap damages under 35 U.S.C. § 284 and up to three times that amount; but in no event, not less than what is sufficient to compensate InnerCap for Nouri's infringement, including but not limited to a reasonable royalty;

C.      that this Court award InnerCap prejudgment and post-judgment interest as allowed by law;

D.      that this Court enter judgment that this case is exceptional under 35 U.S.C. § 285 and enter an award to InnerCap of its costs and attorneys' fees;

E.      that this Court award InnerCap its costs and such other and further relief as the Court deems just and proper.

16

## JURY DEMAND

74.   Pursuant to Federal Rule of Civil Procedure 38(b), InnerCap demands a trial by jury of all issues so triable.

Dated: July 24, 2026

*Of Counsel:*

Cristofer I. Leffler (*pro hac vice forthcoming)*
Palani P. Rathinasamy (*pro hac vice forthcoming*)
Michael C. Saunders (*pro hac vice forthcoming*)
Aden Allen (*pro hac vice forthcoming*)
Katherine Benfield (*pro hac vice forthcoming*)
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Suite 809
Seattle, WA 98109
Tel: (206) 809-6809
Email: cris.leffler@foliolaw.com
Email: palani@foliolaw.com
Email: michael.saunders@foliolaw.com
Email: aden.allen@foliolaw.com
Email: katherine.bentfield@foliolaw.com

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (No. 4089)
Michael J. Farnan (No. 5165)
919 N. Market St., 12th Floor
Wilmington, Delaware19801
(302) 777-0300
Email:  bfarnan@farnanlaw.com
Email:  mfarnan@farnanlaw.com

*Attorneys for Plaintiff InnerCap Technologies, Inc.*

17